UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID T. FOSTER,<br><br>                    Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | NO:  CV-11-5119-FVS<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND REMANDING |

Before the Court are cross-motions for summary judgment, ECF Nos. 13,

15.  The Court has reviewed the motions, the memoranda in support, the Plaintiff's

reply memorandum, and the administrative record.

## JURISDICTION

Plaintiff David Foster protectively filed for Social Security Disability

Insurance ("SSDI") and Supplemental Security Income ("SSI") on September 9,

2008.  (Tr. 20.)  Plaintiff alleged an onset date of May 30, 2008, in both claims.

(Tr. 168.)  Benefits were denied initially and on reconsideration.  On May 4, 2009,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING ~ 1

Plaintiff timely requested a hearing before an administrative law judge ("ALJ"). (Tr. 117-18.)  A hearing was held before ALJ Laura Valente on June 1, 2010.  (Tr. 51.)  Plaintiff was represented by attorney Julie Hines at the hearing.  (Tr. 51.)  Testimony was taken from Brian Sorenson, a vocational expert, and David Foster, the claimant.  (Tr. 51.)  On July 12, 2010, ALJ Valente issued a decision finding the Plaintiff not disabled.  (Tr. 20-28.)  The Appeals Council denied review.  (Tr. 1-3.)  This matter is properly before this Court under 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of this case are set forth in the administrative hearing transcripts and record and will only be summarized here.  The claimant was fifty years old when he applied for benefits and was fifty-one years old when ALJ Valente issued her decision.  The claimant currently is unemployed and lives at home with his wife and granddaughter.  The claimant has engaged in work since the alleged 2008 onset date, but that work does not rise to the level of substantially gainful activity. (Tr. 22.)  Mr. Foster's alleges that he suffers back pain that limits his ability to stand, walk, and lift his arms.  He also describes nausea, headaches, depression, and hand tremors.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 2

Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.  *McCallister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989) (citing *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988)).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400.  If evidence supports more than one

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 3

rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 4

medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 5

prevents the claimant from performing work he or she has performed in the past. If the plaintiff is able to perform his or her previous work, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 6

**ALJ'S FINDINGS**

The ALJ found that the Plaintiff met the insured status requirements of the Act through December 31, 2012.  (Tr. 22.)  At step one of the five-step sequential evaluation process, the ALJ found that Plaintiff has not engage in substantial gainful activity since May 30, 2008, the alleged date of onset.  (Tr. 22.)  At step two, the ALJ found that Plaintiff had the severe impairment of "lumbar and thoracic degenerative disc disease."  (Tr. 22.)  At step three, the ALJ found that the Plaintiff's impairment did not meet or medically equal any of the impairments listed in Part 404, Subpart P, Appendix 1 of 20 C.F.R.  (Tr. 23.)  In his RFC assessment, the ALJ found that the claimant could perform light work, subject to some non-exertional limitations.  (Tr. 23.)  The ALJ found at step four that the Plaintiff's limitations precluded the Plaintiff from performing any past relevant work as a carpenter.  (Tr. 26.)  However, at step five, the ALJ found, with the help of vocational testimony, that the Plaintiff could perform the work of a housekeeper, bakery worker, or production assembler: jobs that exist in significant numbers in the national economy.  (Tr. 26-27.)  Accordingly, the ALJ found that the Plaintiff was not under a disability for purposes of the Act.  (Tr. 27.)

**ISSUES**

The question before the Court is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Specifically, the claimant argues that

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 7

the ALJ erred by: (1) discounting the opinions of Mr. Foster's medical providers; (2) rejecting Mr. Foster's subjective testimony; and (3) finding that Mr. Foster could perform jobs existing in significant numbers in the economy.

## DISCUSSION

**Opinions of the Claimant's Treating and Examining Medical Providers**

The Plaintiff argues that the ALJ improperly weighed the testimony of his medical providers when determining his RFC. An RFC determination represents the most a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545, 416.945. The RFC assessment is not a "medical issue" under the Regulations; it is based on all relevant evidence in the record, not just medical evidence. *Id.* The RFC determination represents dispositive administrative findings regarding a claimant's ability to perform basic work and may direct the determination of disability. 20 C.F.R. §§ 404.1546, 416.946; Social Security Ruling ("SSR") 96-5p. Because the RFC assessment is part of the sequential evaluation, critical to a finding of disability and eligibility for benefits, the final responsibility for determining a claimant's RFC rests with the Commissioner after consideration of the record in its entirety. *Id.* When RFC findings and final determination reflect a rational interpretation of the evidence, the court will not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 8

In assessing the RFC, an adjudicator must consider all medical evidence provided. §§ 404.1545, 416.945.  No special significance is given to a medical source opinion on the issues of RFC and disability, issues reserved to the Commissioner.  20 C.F.R. §§ 404.1527(e), 416.927(e); SSR 96-5p; SSR 96-2p. While a treating source opinion is never entitled to controlling weight, these opinions may never be ignored.  However, the ALJ need only explain why "significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

Mr. Foster argues that the ALJ improperly discounted the testimony of treating physician Albert Labib, M.D.  Dr. Labib produced a single-page letter directed to Washington State, advising the State that Mr. Foster was fully disabled. (Tr. 383, 394, 428.)  In support of his conclusion, Dr. Labib stated that during the course of his exam, Mr. Foster was "hardly able to walk except with severe difficulty because of pain."  (Tr. 383, 394, 428.)  Mr. Foster argues that in finding that Mr. Foster was able to engage in light work with no standing or walking restrictions, the ALJ failed to give specific reasons for discounting Dr. Labib's conclusion.

The ALJ rejected Dr. Labib's conclusion because Dr. Labib did not rely on clinical findings and observations.  (Tr. 24.)  ALJ Valente noted that Dr. Labib's notes reflected a reliance on the claimant's subjective complaints of pain.  (Tr. 24.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 9

Where a diagnosis is based solely on subjective complaints by the claimant, the ALJ does not err in rejecting such a diagnosis if she makes an adverse credibility determination.  20 C.F.R. § 404.1527(d).  As the ALJ makes an adverse credibility finding, which is affirmed in a later section of this Order, the ALJ did not err in discounting Dr. Labib's opinion.

Even though the bulk of Dr. Labib's diagnosis was based on Mr. Foster's subjective complaints, Dr. Labib was able to observe the claimant's ability to walk. However, the ALJ noted that Mr. Foster's walk has changed over the course of his treatment.  (Tr. 25.)  Given the inconsistencies in the reports of Mr. Foster's ability to walk, the ALJ concluded that Mr. Foster was not as functionally restricted as some medical providers have reported.  (Tr. 25.)  Based on those inconsistencies, the ALJ's decision is supported by substantial evidence.

In addition to the opinion of Dr. Labib, Mr. Foster challenges the ALJ's discounting of Dr. Howard Platter, M.D.'s opinion.   Dr. Platter entered an opinion affirming the RFC determination by Laura Bullard, a single decision maker at a disability determination services site.  It must be noted that ALJ Valente refers generally to Ms. Bullard's report and does not mention Dr. Platter by name.  Under the POMS, a report by such a single decision maker should not be treated as opinion evidence.  POMS 24510.050(C).  Accordingly, ALJ Valente should not have referred to Ms. Bullard's report directly.  That said, the parties do not contest

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 10

that Dr. Platter's report may be considered.  Given that Dr. Platter affirmed Ms.

Bullard's report without alteration, any error by referring to Ms. Bullard's report

was harmless.

      ALJ Valente purported to give Ms. Bullard's opinion great weight.  (Tr. 25.)

However, ALJ Valente ultimately concluded that Mr. Foster had no limitations on

standing or walking.  (Tr. 23.)  Ms. Bullard's report, affirmed by Dr. Platter,

concludes that Mr. Foster is limited to six hours of standing or walking.  (Tr. 352.)

The ALJ's opinion provides no reason for rejecting this six hour limitation.

Indeed, the ALJ concludes that Ms. Bullard finds no such limitation.  This is error.

      The hypotheticals provided to the vocational expert did not include a six

hour standing limitation.  (Tr. 88-89, 91.)  Accordingly, if the Court were to credit

the opinion of Dr. Platter, the hypotheticals used in this case would be inadequate.

Additionally, when the need to stand and sit was raised, the vocational expert

suggested that the housekeeping position may have to be ruled out.  (Tr. 92.)

Therefore, the Court finds that the failure to address Dr. Platter's six-hour standing

and sitting limitation was not harmless.

      Additionally, given the fact that the Commissioner concedes in her

memorandum that the hypothetical the ALJ provided to the vocational expert in

support of the finding that Mr. Foster could perform the job of production

assembler did not accurately reflect Mr. Foster's RFC, ECF No. 15 at 8, and given

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING ~ 11

that the position of bakery worker provides so few jobs nationally and regionally,

the Court cannot say that exclusion of the housekeeping job would leave a

significant number of jobs available for Mr. Foster to perform.  As a result, this

Court must remand this case for further proceedings.

**Claimants Subjective Complaints**

The claimant challenges the ALJ's finding that his subjective complaints

about his symptoms were not credible.  When the ALJ finds a claimant's

statements as to the severity of impairments, pain, and functional limitations are

not credible, the ALJ must make a credibility determination with findings

sufficiently specific to permit the court to conclude the ALJ did not arbitrarily

discredit claimant's allegations.  *Thomas*, 278 F.3d at 958-959; *Bunnell v. Sullivan*,

947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).  It is well settled, however, that an

ALJ cannot be required to believe every allegation of disabling pain, even when

medical evidence exists that a claimant's condition may produce pain.  "Many

medical conditions produce pain not severe enough to preclude gainful

employment."  *Fair v. Bowen*, 885 F.2d 597, 603(9th Cir. 1989).  Although an

adjudicator may not reject a claimant's extreme symptom complaints solely on a

lack of objective medical evidence, medical evidence is a relevant factor to

consider.  SSR 96-7p.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING ~ 12

If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's symptom testimony. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, the ALJ must find the claimant has produced objective medical evidence of an underlying "impairment," and that the impairment, or combination of impairments, could reasonably be expected to cause "some degree of the symptom." *Lingenfelter*, 504 F.3d at 1036. Once the first test is met, the ALJ must evaluate the credibility of the claimant and make specific findings supported by "clear and convincing" reasons. *Id.*

In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness; inconsistencies either in his allegations of limitations or between his statements and conduct; daily activities and work record; and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair*, 885 F.2d at 597 n.5.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 13

The ALJ may also consider an unexplained failure to follow treatment recommendations and testimony by the claimant "that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  As explained by the Commissioner in a policy ruling, the ALJ need not totally reject a claimant's statements; he or she may find the claimant's statements about pain to be credible to a certain degree, but discount statements based on his interpretation of evidence in the record as a whole.  SSR 96-7p.  The ALJ may find a claimant's abilities are affected by the symptoms alleged, but "find only partially credible the individual's statements as to the extent of the functional limitations." *Id.*

Although credibility determinations are the province of the ALJ, and "the court may not engage in second-guessing," *Thomas*, 278 F.3d at 959, the court has imposed on the Commissioner a requirement of specificity.  *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003); Dodrill v. Shalala, 12 F.3d 915, 917 (9th Cir. 1993).  Even if the record includes evidence to support a credibility determination, the reasons must be articulated with specificity by the ALJ in his decision.  The court cannot infer lack of credibility or affirm credibility findings "based on evidence the ALJ did not discuss."  *Connett*, 340 F.3d at 874.  Further, the reviewing court cannot make independent findings to support the ALJ's decision. *Id.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 14

Mr. Foster challenges the ALJ's conclusion that Mr. Foster's daily activities belie his subjective testimony about his physical limitations. Mr. Foster testified that he suffered back pain, and that this pain limited his ability to walk long distances, raise his arms, and sit for more than thirty minutes. (Tr. 64-66, 68-69, 72-74.) Mr. Foster also alleged tremors in his hands and headaches. (Tr. 66-67, 71-72.)

The ALJ discounted the claimant's opinion in part because of the claimant's testimony that he mows and waters his yard and that he also goes shopping. (Tr. 25.) However, the ALJ also relied on the fact that the claimant had affirmed that he was capable of working when applying for unemployment benefits in 2008 and 2009. (Tr. 25-26.) The claimant also failed to follow up on treatment for his conditions. (Tr. 25.) Finally, the claimant's subjective symptoms were unsupported by the objective medical evidence. (Tr. 25-26.) The ALJ's reasons are supported by objective evidence in the record. In light of these alternative reasons, the Court finds that the ALJ's opinion discounting Mr. Foster's subjective testimony is supported by clear and convincing reasons that are independent of Mr. Foster's ability to engage in household chores and go shopping. Therefore, even if the Court were to agree with Mr. Foster's challenge, it would still affirm the ALJ as to the claimant's credibility. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 15

**Availability of Jobs in the Community**

At step five, the burden shifts to the Commissioner to establish that, despite the claimants limitations identified in step four, the claimant can perform other substantial gainful activity, and a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). The Commissioner has already admitted that the ALJ erred in considering the availability of jobs as a production assembler because of the ALJ's hypothetical failed to include all of the limitations identified in the ALJ's RFC. Given that the ALJ also failed to provide a specific reason for discounting Dr. Platter's opinion that Mr. Foster was restricted to sitting or standing for six hours, the hypothetical provided by the ALJ to the vocational expert regarding housekeeping work was flawed. Accordingly, there is not sufficient evidence in the record supporting the availability of jobs for Mr. Foster. On remand, the ALJ shall more thoroughly address Dr. Platter's opinion and shall take new testimony from a vocational expert.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Plaintiff's motion for summary judgment, ECF No. 13, is
   GRANTED.

2. The Defendant's motion for summary judgment, ECF No. 15, is
   DENIED.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING ~ 16

3.  This matter is REMANDED to the ALJ. On remand the ALJ shall hold a new hearing to take additional vocational expert testimony at step five. The ALJ shall also issue a new opinion that more thoroughly addresses the opinion of Dr. Platter.

4.  JUDGMENT shall be entered for the Plaintiff.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, to provide copies to counsel, and to close this file.

**DATED** this 7th of October 2013.


_____ *s/ Fred Van Sickle* _____
Fred Van Sickle
Senior United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 17